Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 190118-120970
DATE: August 31, 2021

ORDER

Service connection for residuals of cold injury to the feet is denied.

Service connection for a right wrist/forearm (originally claimed as a right hand disability) is denied.

Service connection for diabetes mellitus type II is denied.

FINDINGS OF FACT

1. The weight of the evidence does not show that the Veteran has any residual disability from his in-service cold injury to the feet.

2. The weight of the evidence does not show that the Veteran has any residuals disability from an in-service injury to his right wrist/forearm. 

3. The weight of the evidence is against finding that the Veteran's diabetes mellitus had its onset during his active duty service, was manifested within a year of service separation, or is otherwise related to service.

CONCLUSIONS OF LAW

1. The criteria for service connection for residuals of a cold injury to the feet have not been met. 38 U.S.C. § 1131; 38 C.F.R. § 3.303.

2. The criteria for service connection for residuals of an injury to the right hand/forearm have not been met. 38 U.S.C. § 1131; 38 C.F.R. § 3.303.

3. The criteria for service connection for diabetes mellitus, type II, have not been met. 38 U.S.C. §§ 1101, 1112, 1113,1131; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1983 to June 1992.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Veteran chose to participate in VA's test program "RAMP", the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran opted into the Rapid Appeals Modernization Program (RAMP) on August 2018 and selected the Higher-Level Review lane. As explained on the RAMP Opt-In Election Form, the Regional Office's higher-level review and the Board's review is based on evidence submitted to VA as of the date of the election.

In December 2018, the Agency of Original Jurisdiction (AOJ) completed its Higher-Level Review based on the evidence of record and issued an unfavorable decision with respect to the Veteran's claims. In response to the unfavorable higher-level review of the AOJ, the Veteran requested direct review by the Board in a January 2019 Notice of Disagreement.

In the December 2018 RAMP rating decision, the AOJ made the following favorable findings: (i) The Veteran's service treatment records (STRs) reflect that he had sustained an in-service injury for non-cold injury/possible over exposure of the feet on January 5, 1990; (ii) The Veteran's STRs show that he sustained an injury to the right wrist/forearm on March 31, 1989; and, (iii) The Veteran was diagnosed with diabetes mellitus in approximately 2008, as noted on a July 2013 VA examination report. The Board is bound by the AOJ's favorable findings. 38 C.F.R. § 3.104 (c).

The Board notes that the Veteran's sole contention is that he has residuals from a cold injury to both feet that he sustained in Germany. The record reflects that the Veteran has been diagnosed as having several other foot disorders. See July 2018 Flatfoot Disability Benefits Questionnaire (DBQ), containing diagnoses of hallux valgus of the left foot, degenerative arthritis of the left foot and resolved blisters of both feet. Thus, the Veteran is advised to submit a supplemental claim to initiate adjudication of claims for compensation for these disorders, if he desires. 

The Veteran seeks service connection for residuals of cold injuries of the feet, residuals to injury of the right hand and diabetes mellitus. After a brief discussion of the laws and regulations governing these claims, the Board will adjudicate the claims for service connection for residuals of cold injuries of the feet and residuals of injury of the right hand conjunctively in the analysis below. 

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303.

Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may also be established under 38 C.F.R. § 3.303 (b), where a condition in service is noted but is not, in fact, chronic, or where a diagnosis of chronicity may be legitimately questioned. The continuity of symptomatology provision of 38 C.F.R. § 3.303 (b) has been interpreted as an alternative to service connection only for the specific chronic diseases listed in 38 C.F.R. § 3.309 (a), to include diabetes mellitus. See Walker v. Shinseki, 718 F.3d 1331 (Fed. Cir. 2013).

Service connection may also be established with certain chronic diseases, such as diabetes mellitus, based upon a legal presumption by showing that the disorder manifested itself to a degree of 10 percent disabling or more within one year from the date of separation from service. Such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time.

Service connection for residuals of cold injuries of the feet or residuals of an injury to the right forearm/wrist/ right hand is denied.

The Board will deny the claims because the preponderance of the evidence of record is against a finding that the Veteran currently has residuals of cold injuries of the feet or residuals of an injury to the right forearm/wrist/ right hand.

The Veteran claims that sustained a cold injury to both feet and that he received frost-nip injury to both feet in West Germany while assigned to the 2nd 66th Armor Battalion Forward. Regarding his right wrist/forearm/hand, he maintains that he injured his right hand in Iraq in 1991 while assigned to the 2nd 66th Armor Battalion Forward. He maintains that he received medical treatment for his hands and feet. See September 2014 Notice of Disagreement. 

The Veteran's STRs disclose that while stationed at Folk Polk, Louisiana in May 1989, the Veteran reported having sustained an injury to his right wrist the previous day. The Veteran indicated that he had fallen on his right wrist and forearm, and had landed on a balcony. X-rays of the right wrist and forearm were negative for bony involvement. The examining clinician entered an assessment of soft tissue injury. In early January 1990, the Veteran complained that his feet hurt and were cold. His feet were rewarmed, and he was placed on light indoor duty for the remainder of the day. The examining clinician entered an impression of non-cold injury/possible cold exposure. Physical evaluation of the feet was normal without evidence of discoloration, deformity, or bursitis. The feet were neurovascularly intact. X-rays of the feet, performed in March 1990, showed no evidence of fracture, dislocation, or other abnormality. 

A March 1992 service separation examination report reflects that the Veteran's feet and upper extremities were evaluated as "normal." There was no objective medical evidence documenting a chronic residual foot as a result of a cold weather injury or right hand/wrist/forearm disability as a result of the March 1989 fall. On an accompanying Report of Medical History, the Veteran indicated that he was in good health. He reported that he had had foot trouble, but this was in relation to an unrelated ankle injury. He denied any other bone or joint abnormality. 

In June 2013 and July 2018, the Veteran was afforded general and cold injury VA examinations, respectively. At these examinations, the respective examiners reviewed the Veteran's claims file, interviewed the Veteran, and conducted a physical examination of the Veteran's feet and right upper extremity. The June 2013 and July 2018 examiners noted the Veteran's subjective complaints of cold sensitivity and numbness of the feet, but they did not find medical evidence showing any evidence of a cold injury residual. The July 2013 VA examiner concluded that the Veteran had sustained an in-service cold injury feet: diagnosed as a "non-cold injury" with a normal foot examination, that the remainder of the service treatment records did not reveal any further complaints of any cold injuries or residuals, and that the current (then) foot examinations were grossly normal with intact strength, sensation to microfilament and vibration and no evidence of ulceration. X-rays of the feet were within normal limits. Therefore, both examiners uniformly concluded that despite subjective complaints, there was no objective evidence to support a diagnosis of a cold injury or its residuals of the bilateral feet. 

Regarding the Veteran's right hand/wrist/forearm, the July 2013 VA examiner concluded that there was insufficient evidence to warrant or confirm a diagnosis of an acute or chronic right hand condition or any residuals. The VA examiner further opined that although the Veteran reported subjective tenderness to palpation over dorsal aspect of mid-right hand, that without other objective findings (normal strength, sensation, and X-ray), his subjective complaint was of an unknown etiology.

These medical opinions are unchallenged and treatment records fail to show any cold injury residuals of the feet or residuals of an injury to the right hand/forearm/wrist.

As such, the record does not show any current chronic residual foot disability as a result of a cold weather injury during service or residuals of an injury to the right hand/wrist/forearm. 

In the absence of proof of a current disability, there can be no valid claim for service connection. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (indicating service connection presupposes a current diagnosis of the condition claimed). The requirement that a current disability be present is satisfied "when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim...even though the disability resolves prior to the Secretary's adjudication of the claim." McClain v. Nicholson, 21 Vet. App. 319 (2007). Here, despite medical examinations, no residual disability from a cold injury to the feet or right hand/wrist/forearm has been diagnosed. Rather, the VA examiners explained that the Veteran did not have currently, nor had he ever had, a diagnosis of a cold injury of the feet or residuals of an injury to the right hand/wrist/forearm. 

The Board has considered the Veteran's lay statements and testimony that he has residuals of a cold injury of the feet and residuals of an injury to the right hand/wrist/forearm that are related to his period of military service. Although laypersons are competent to provide opinions on some medical issues, as to the specific issues in this case, diagnosing any residuals of a cold injury of the feet and residuals of an injury to the right hand/wrist/forearm, these issue fall outside the realm of common knowledge of a layperson. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). As a layperson, the Veteran has not been shown to possess the medical expertise to diagnose any residuals of a cold injury of the feet and/or residuals of an injury to the right hand/forearm/ wrist and their etiology. The Veteran reported what he experienced to the examiner, but the examiners could not find objective evidence of any cold injury residuals or residuals of an injury to the right hand/wrist/forearm. The Veteran's claims file does not contain any medical examinations diagnosing him with residuals of a cold injury of the feet or residuals of an injury to the right wrist/hand/forearm, or linking his self-reported symptoms to a period military service. In sum, there is no evidence, medical or otherwise, to support the Veteran's statements. Thus, as previously stated, the medical evidence of record is only against the Veteran's claim for service connection for residuals of a cold injury of both feet and residuals of an injury to the right wrist/forearm/ hand. 

Finally, the Board is cognizant of the holding in Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018) which stated that where pain causes functional impairment, a disability for VA compensation purposes exists, even if there is no underlying diagnosis. In sum, pain alone resulting in functional impairment is in fact a disability, and should not be summarily discounted as a bar to benefits based on a finding of no current diagnosis. However, the Veteran does not claim, nor do his medical records show, that he experiences any functional impairment due to any foot pain and right hand/wrist/forearm pain. As such, Saunders is not applicable with respect to either claim.

Accordingly, service connection for residuals of a cold injury of the feet and residuals of an injury to the right hand/forearm/wrist is not warranted because the Veteran has not satisfied the first requirement of service connection, i.e., a current diagnosis of a disability. 38 C.F.R. § 3.303; Brammer, supra. The claims of entitlement to service connection for residuals of a cold injury of the feet and residuals of an injury to the right hand/wrist/forearm are denied.

Service connection for diabetes mellitus is denied.

The Board finds that the claim must be denied. 

With regard to the possibility of service connection on a direct basis, the Board notes that there is no indication of diabetes mellitus during service. The first indication of diabetes mellitus in the medical records is in 2008, almost 16 years after service. The Veteran has maintained that he experienced diabetic symptoms in 1983 and 1990. See September 2019 Notice of Disagreement. However, the Veteran's service treatment records show no diabetic symptoms. To this end, July 1990 and March 1992 service periodic and separation examination reports, respectively, reflect that the Veteran's albumin test was negative and that his sugar levels were normal. There is no competent opinion of record in support of the claim on a direct basis. Moreover, a July 2013 VA examiner, who reviewed the claims file and provided rationale for his opinion that the Veteran's diabetes, diagnosed 16 years after service discharge, is less likely than not related to his service. Therefore, a chronic disorder is not shown during service. See 38 C.F.R. § 3.303 (a),(b). Accordingly, the claim must be denied on both direct and presumptive service connection theories of entitlement. There is no opinion that is supportive of the claim on any basis. 

As a lay person, the Veteran is competent to report what comes to him through his senses, but he lacks the medical training and expertise to provide a medical opinion as to the etiology of a complex medical disease such as diabetes mellitus. See Layno v. Brown, 6 Vet. App. 465 (1994), Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). The Veteran has maintained, in written statements submitted throughout the appeal, that he had experienced early diabetic symptoms in service and in the years thereafter, but the medical professional who considered the record, ultimately found that the evidence of record did not support the onset of diabetes mellitus during service or to a 10 percent level within a year of separation from service in 1992. The Board affords the medical professional's opinion more probative value as it was based on review of the medical record and supported by rationale. Accordingly, the claim must be denied. 

 

 

L. Chu

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Carole Kammel, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.